UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J. Patrick Gavin, a/k/a John P. Gavin,
also doing business as SEC Insight, Inc.,                     Civil No. 04-4522 (PAM/JSM)

                         Plaintiff,
v.                                                            **MEMORANDUM AND ORDER**

United States Securities and Exchange
Commission,

                         Defendant.

---

This matter is before the Court on cross-Motions for Summary Judgment. For the reasons that follow, Plaintiff's Motion is denied and Defendant's Motion is granted in part and denied in part.

**BACKGROUND**

The ultimate issue in this case is whether Defendant United States Securities and Exchange Commission ("SEC") improperly withheld agency records. Plaintiff J. Patrick Gavin is the President and Owner of SEC Insight, Inc., a private investment research entity. Plaintiff submits approximately 1,500 Freedom of Information Act ("FOIA") requests annually. At issue in this litigation is the SEC's denial of twenty-six FOIA requests made by Plaintiff.

The SEC denied five of these requests with a "Glomar" response and twenty of these requests under the FOIA Exemption 7(A). A "Glomar" response is one in which the agency refuses "to confirm or deny the existence of materials requested under the FOIA." See Phillippi v. Cent. Intelligence Agency, 546 F.2d 1009, 1012 (D.C. Cir. 1976). FOIA Exemption 7(A) allows an agency to withhold "records or information compiled for law

enforcement purposes, but only to the extent that the production of such law enforcement records or information [] could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). One of the FOIA requests, as it pertained to an entity named Dynacq, was denied based on both FOIA Exemption 7(A) and FOIA Exemptions 2, 5, and 7(C). (Compl. Count XI.)

Plaintiff contends that the SEC improperly denied Plaintiff's FOIA requests. He seeks injunctive relief releasing the requested documents and barring the SEC from further using the Glomar denial in response to Plaintiff's FOIA requests. The SEC filed a cross-Motion for Summary Judgment asserting that it has properly withheld agency records.

**DISCUSSION**

**A.     Standard of Review**

In a FOIA case, the standards articulated in Federal Rule of Civil Procedure 56 still apply. See Miller v. U.S. Dep't of Agric., 13 F.3d 260, 262 (8th Cir. 1993). That is, summary judgment is proper if, viewing the record in the light most favorable to the non-moving party, there are no genuine issues of material fact. See id.; see also Fed. R. Civ. P. 56.

The Court reviews an agency denial of a FOIA request de novo. 5 U.S.C. § 552(a)(4)(B). "Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Miller, 13 F.3d at 262 (quoting Miller v. U.S. Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985)).

Exemptions to the FOIA should be construed narrowly. See id. When an agency denies a FOIA request, "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). An agency may meet its burden by "submitting affidavits and other evidence to the court to show that the documents are properly classified and thus clearly exempt from disclosure." Hayden v. Nat'l Sec. Agency, 608 F.2d 1381, 1386 (D.C. Cir. 1979); see also Barney v. Internal Revenue Serv., 618 F.2d 1268, 1272 (8th Cir. 1980).

> A court's primary role . . . is to review the adequacy of the affidavits and other evidence presented by the Government in support of its position . . . If the Government fairly describes the content of the material withheld and adequately states its ground for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

Barney, 618 F.2d at 1272 (quoting Cox v. U.S. Dep't of Justice, 576 F.2d 1302, 1312 (8th Cir. 1978)). If the agency sustains this burden, the Court is not required to review the documents in camera or require the agency to submit a detailed Vaughn index. See Barney, 618 F.2d at 1274. "If, on the other hand, the agency is unable to adequately support its decision to withhold [material], the court must release that material." Cox, 576 F.2d at 1312. If the Court cannot evaluate the propriety of the claimed exemptions on the record before it, it may order the agency to submit more detailed affidavits or a Vaughn index, or even review documents in camera. See Barney, 618 F.2d at 1272; Maricopa Audubon Soc. v. U.S. Forest Serv., 108 F.3d 1089, 1093 n.2 (9th Cir. 1997); see also NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978) ("in camera review . . . is designed to be invoked when the issue before the District Court could not be otherwise resolved").

**B.     Mootness**

The SEC submits that it is no longer claiming a FOIA Exemption 7(A) to seven of Plaintiff's requests, and no longer claiming a Glomar response to three of Plaintiff's requests because such investigations are closed.[1] Specifically, the SEC contends that Plaintiff must resubmit these FOIA requests because such documents may now be available. According to the SEC, the Court should dismiss these Counts from the Complaint because they are moot.

Even if the investigatory proceedings that involved the subjects of these ten requests have since closed, the Court does not believe that dismissal on mootness grounds is appropriate. In FOIA litigation, "mootness occurs when requested documents have already been produced." Urban v. United States, 72 F.3d 94, 95 (8th Cir. 1995) (quoting In re Wade, 969 F.2d 241, 248 (7th Cir. 1992)). Here, the SEC has not disclosed any documents in response to these requests. Rather, the SEC maintains that since internal investigations have closed, circumstances have changed to permit Plaintiff to resubmit these FOIA requests. Indeed, Plaintiff may file a new FOIA request, and if he does, "he will stand in line behind other FOIA requesters." Bonner, 928 F.2d at 1153. This ensures that the agency need not follow "an endlessly moving target." Id.; Meeropol v. Meese, 790 F.2d 942, 959 (D.C. Cir. 1986). However, if the agency unlawfully withheld documents in its prior responses, then the Court may have "warrant" to place the requester at the "head of the current [] FOIA queue." Bonner, 928 F.2d at 1153. In this case, the record is completely devoid of any evidence regarding the

---

[1] These requests pertain to Counts 2, 3, 5, 6, 8, 9, 10, 17, 19, and 20 of the Complaint.

propriety of the SEC's prior withholdings. Therefore, in light of the specific circumstances of this case, the Court finds that the more appropriate remedy is to remand these ten requests for reprocessing. Meeropol, 790 F.2d at 959-60 (agency improperly withheld responsive documents and Court thus remanded to agency for reprocessing).[2]

**C.     FOIA Exemption 7(A)**

Plaintiff's FOIA requests sought "any documents or records regarding any informal and/or formal investigations and/or inquiries" of particular entities. The SEC claims that the

---

[2] Furthermore, the Court notes that Plaintiff's claims aren't entirely moot. The issue in this litigation is whether the SEC improperly withheld responsive documents to Plaintiff's FOIA requests. The Court's review "properly focuses on the time the determination to withhold is made." Bonner, 928 F.2d at 1152. The fact that these documents may now be available does not moot Plaintiff's claim for costs and attorneys' fees sustained when he made the original requests. See 5 U.S.C. § 552(a)(4)(E); GMRI, Inc. v. EEOC, 149 F.3d 449, 451 (6th Cir. 1998) (citing cases) ("[a]lthough plaintiff's claim for production of information is moot, its motion for attorney fees and costs is not" (internal quotations and citations omitted)); DeBold v. Stimson, 735 F.2d 1037, 1040 (7th Cir. 1984) (claim for relief under FOIA is moot if agency produces records but request for fees and costs is not moot); Education/Instruccion, Inc. v. U.S. Dep't of Housing & Urban Develop., 471 F. Supp. 1074, 1077 (D. Mass. 1979) (holding that issue of costs and attorneys' fees not moot even though law enforcement proceedings upon which the FOIA Exemption 7(A) were based were at an end). Although Plaintiff's request for attorneys' fees and costs is ancillary to the underlying action, see GMRI, Inc., 149 F.3d at 451, this issue will nevertheless require the Court to evaluate the merits of Plaintiff's claims. See Miller, 779 F.2d at 1389 (even though FOIA plaintiff did not receive favorable judgment, FOIA plaintiff is nevertheless entitled to attorneys' fees and costs if FOIA plaintiff "substantially prevailed" through his lawsuit). From the record, the Court cannot determine the propriety of the SEC's denials. However, because the issue of attorneys' fees and costs exists independently from the merits of Plaintiff's FOIA claim, summary judgment is not denied on this ground. Rather, as noted above, the Court denies Defendant's Motion on these ten requests and remands to the SEC for reprocessing within the limits prescribed the FOIA.

withheld records were compiled to investigate possible federal securities law violations, and that disclosure of such documents would impede enforcement proceedings. The SEC classifies the withheld documents into five general categories. Plaintiff objects to the SEC's categorical approach and further contends that the affidavits submitted by the SEC are insufficient.

"To sustain its burden of showing documents were properly withheld under exemption 7(A) the [agency] ha[s] to establish only that [the documents] were investigatory records compiled for law enforcement purposes," Barney, 618 F.2d at 1272-73, and that production "could reasonably be expected to interfere with law enforcement proceedings," In re Dep't of Justice, 999 F.3d 1302, 1307 (8th Cir. 1993). The agency "is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding." Barney, 618 F.2d at 1273. Rather, the Court must focus on "the particular categories of documents, and the likelihood that the release of documents within those categories could reasonably be expected to threaten enforcement proceedings." In re Dep't of Justice, 999 F.2d at 1309.

As a threshold matter, Plaintiff's argument that a categorical approach is improper is meritless. Numerous courts, including the Eighth Circuit, hold that the agency may utilize the categorical approach to justify its burden with regard to FOIA Exemption 7(A). See id.[3]

---

[3] Plaintiff claims that the categorical approach is limited to circumstances in which the requester is the subject of the underlying enforcement proceeding. According to Plaintiff, the categorical approach was adopted to ensure that normal discovery channels were not circumvented. The Court is unpersuaded by Plaintiff's argument as the clear mandate of the

6

1. Categorical Approach

Proper utilization of the categorical approach requires the SEC to: (1) define functional categories of documents; (2) conduct a document-by-document review to assign documents to proper categories; and (3) explain to the court how the release of each category would interfere with enforcement proceedings. See id. The SEC has divided the requested documents into five functional categories: (1) documents produced by third parties; (2) SEC correspondence with potential witnesses; (3) testimony transcripts; (4) attorney notes and trial preparation materials; and (5) memoranda by SEC staff.

Plaintiff first contends that the categories are not functional because they merely classify how the documents were obtained. However, a category is functional so long as "it allows the court to trace a rational link between the nature of the document and the alleged likely interference." Bevis v. Dep't of State, 801 F.2d 1386, 1389 (D.C. Cir. 1986). After careful review of the record, the Court finds that the declarations submitted by the SEC provide this rational link. Each declaration specifies the category, the kinds of documents or records in that category, how those documents assist in the particular enforcement proceeding, and the likely interference that would result from disclosure of those documents. Thus, the declarations contain functional categories and explain to the Court the anticipated interference with pending enforcement proceedings.

However, the declarations do not attest that document-by-document reviews were

---

Eighth Circuit allows agencies to utilize the categorical approach when asserting FOIA Exemption 7(A), regardless of who the requester is. See In re Dep't of Justice, 999 F.2d 1302.

completed by the SEC when categorizing the documents, as required. See In re Dep't of Justice, 999 F.2d at 1309-10. Rather, the declarations attest that "[a]s the attorney principally responsible for the litigation resulting from the [] investigation, I have personal knowledge of the types of records contained in the related investigatory and litigation files, and the information contained in those records." (See e.g., Kase Decl. ¶ 6; Smith Decl. ¶ 6; Herm Decl. ¶ 6; Miller Decl. ¶ 6; Baughman Decl. ¶ 7; Frohlich Decl. ¶ 6; McKinley Decl. ¶ 6; Dixon Decl. ¶ 6; Meier Decl. ¶ 6; Finkel Decl. ¶ 6; Echavarria Decl. ¶ 6; Anagnostis Decl. ¶ 6; Mashburn Decl. ¶ 6; Paul Decl. ¶ 6; Galloway Decl. ¶ 6; Silverstein Decl. ¶ 6.) In Kay v. FCC, the agency attested in affidavits that a document-by-document review was conducted, and specifically identified how many documents it actually withheld within each category. 976 F. Supp. 23, 36 (D.D.C. 1997). The same process was conducted in Changzhou Laosan Group v. U.S. Customs & Border Prot. Bureau, No. 04-1919, 2005 WL 913268, at *8 (D.D.C. Apr. 30, 2005). "Absent such individual scrutiny, the categories would be no more than smaller versions of the 'blanket exemptions.'" Bevis, 801 F.2d at 1389 (quoting NLRB, 437 U.S. at 236). Based on the record, the Court cannot conclude that such process was conducted in this case, clearly undermining the functionality of the categories and the relationship of the withheld documents to the purported enforcement proceedings. While the SEC does not need to present a Vaughn index to the Court, it nevertheless must attest to and assure the Court that it conducted a document-by-document review of responsive documents for categorization. See In re Dep't of Justice, 999 F.2d at 1309-10. The Court is not convinced that such analysis occurred in this case. Accordingly, to comply with the FOIA, the SEC must conduct a

document-by-document review and provide affidavits that attest that such a review took place. See Campbell v. U.S. Dep't of Justice, 164 F.3d 20, 31 (D.C. Cir. 1998) (if agency affidavits are facially inadequate, the district court should require the agency to provide a new affidavit or declaration rather than order in camera review).

2. Segregability

Plaintiff contends that FOIA Exemption 7(A) is inapplicable in some instances because some of the withheld documents will not interfere with enforcement proceedings. In particular, Plaintiff contends that disclosure of "initial correspondence" documents and "subpoenas" from investigatory files will not harm enforcement proceedings. The SEC contends that because it has categorized the documents into five groups, no further segregation is required.

FOIA requires that "any reasonable segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). "[A]ny reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions." Delta Ltd. v. U.S. Customs & Border Prot. Bureau, 384 F. Supp. 2d 138, 153 (D.D.C. 2005), vacated in part on other grounds, – F. Supp. 2d – , 2005 WL 2605599 (D.D.C. Oct. 14, 2005); see also 5 U.S.C. § 552(b). "A court errs if it simply approves the withholding of an entire document without entering a finding on segregability, or the lack thereof." Delta Ltd., 384 F.

Supp. 2d at 153 (internal quotations omitted).[4] Plainly, there is no declaration or affidavit that even, at a minimum, attests that the entirety of the documents are exempt, or that the non-exempt portions of the documents are inextricably intertwined with the exempt portions. The record is simply insufficient to allow the Court to determine whether the SEC has sustained its burden of reasonable segregability under the FOIA. Thus, summary judgment on this point is denied. Again, the SEC shall submit new affidavits or declarations on this issue.

3. Conclusion

In sum, the SEC is entitled to withhold documents utilizing the categorical approach. However, the record fails to assure the Court that the SEC conducted a document-by-document review for categorization purposes. Further, the record fails to attest that the SEC complied with its reasonable segregability requirement. Thus, Defendant's Motion is denied as it pertains to the propriety of FOIA Exemption 7(A). However, the Court cannot say from this

---

[4] The SEC contends that its categorization of responsive documents eliminates its duty to segregate the record. See Parker/Hunter, Inc. v. SEC, No. 80-3034, 1981 WL 1675, at *4 (D.D.C. Apr. 29, 1981). However, more recent case law suggests that the law requires that the agency disclose segregable material – regardless if the categorical approach is used. Cangzhou Laosan Group, 2005 WL 913268, at *7-8 (discussing categorization under FOIA Exemption 7(A), and that document or "redaction" of document were properly categorized and that agency satisfied reasonable segregability requirement). Although agencies are not required to submit a document-by-document analysis of material claimed exempt under FOIA Exemption 7(A), agencies nevertheless must actually conduct a document-by-document review of responsive material. This document-by-document review enables the agency to properly categorize each responsive document exempt under FOIA Exemption 7(A), and also enables the agency to determine the segregability of each document. The express language of the statute requires that reasonably segregable portions of responsive materials not exempt must be disclosed, and the Court thus finds that the utilization of the categorical approach does not eliminate the agency's duty to determine segregability.

record that Defendant improperly withheld documents pursuant to this exemption, and accordingly, Plaintiff's Motion is denied on this point.

**D.    Exemptions 2, 5, and 7(C): Dynacq Corporation**

The SEC contends that it properly withheld four pages of internal reports concerning the SEC's opening and closing of its informal investigation of Dynacq under FOIA Exemptions 2, 5, and 7(C).  The SEC further claims that the other information responsive to this request was properly withheld under Exemption 7(A).

Exemption 2 protects material "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Exemption 2 generally applies to two types of materials: internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest"; and internal agency matters of some public interest "where disclosure may risk circumvention" of agency regulation or of the law.  See Dep't of Air Force v. Rose, 425 U.S. 352, 369-70 (1976).  The SEC argues that these four pages of documents are purely internal and of no public interest.  It attests that these documents are merely opening and closing reports for the SEC's investigation of Dynacq, which are prepared on internal SEC forms that are available only to SEC staff, and completely ministerial in nature. (Henderson Decl. ¶ 4.)  The Court finds that this material falls within Exemption 2.

Exemption 5 permits an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  This exemption includes "[p]redecisional staff papers," and is "intended to protect the decision making processes of government."  See

Canadian Javelin, Ltd. v. SEC, 501 F. Supp. 898, 902 (D.D.C. 1980) (citing NLRB, 421 U.S. at 150).  Indeed, the information on these internal forms "reveals the Commission staff's recommendations to the Commission regarding the opening and closing of investigations." (Henderson Decl. ¶ 5.)  This material is likewise exempt under FOIA Exemption 5 to the extent that it reflects staff judgment.

Finally, FOIA Exemption 7(C) permits agencies to withhold material to protect personal privacy.  5 U.S.C. § 552(b)(7)(C).  The SEC contends that since these documents contain the names of SEC staff working on the particular investigation, disclosure is exempt under 7(C).  Indeed,

> [o]ne who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties.  Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives.

Nix v. United States, 572 F.2d 998, 1006 (4th Cir. 1978).  "Unless there is a public interest in the disclosure of personal information, Exemption 7(C) deletions are appropriate." Canadian Javelin, Ltd., 501 F. Supp. at 904.  Plaintiff has shown no legitimate interest in the release of this information, and therefore Exemption 7(C) properly applies to this information.

Accordingly, these four pages of documents that pertain to Dynacq were properly withheld under the claimed exemptions, and Defendant is entitled to summary judgment on this point.  However, as noted above, because the SEC claimed that remaining Dynacq documents were exempt under 7(A), the SEC has failed to demonstrate that Exemption 7(A) was properly utilized.  Thus, summary judgment is denied on this point.

**E.     Glomar Response**

Plaintiff contends that the SEC's Glomar response was unlawful. The SEC originally claimed that five of Plaintiff's requests were subject to the Glomar response. Since its original declaration, the SEC: (1) has changed its response from Glomar to Exemption 7(A) on one of the five requests; (2) claims that it has no documents responsive to one of the five requests (see infra Part F); and (3) claims that the issue is moot as to the other three requests because the investigations are closed (see supra Part B). Plaintiff also requests that the Court enjoin the SEC from utilizing the Glomar response in the future in response to Plaintiff's FOIA requests.

As it pertains to the SEC's change in response from Glomar to Exemption 7(A), the issue now is whether the SEC is properly withholding documents under Exemption 7(A). From this record and as noted above, the Court cannot conclude that SEC has satisfied its burden that it has properly withheld documents. Thus, both Plaintiff's and Defendant's Motions are denied on this point.

Plaintiff also wants the Court to enjoin the SEC from utilizing the Glomar response in the future. Plaintiff contends that the SEC employs a policy that improperly utilizes the Glomar response. Regardless, future harm is merely speculative in nature, and injunctive relief is inappropriate. Therefore, Plaintiff's Motion on this point is denied and Defendant's Motion is granted.

**F.     Proctor and Gamble**

The SEC originally asserted a Glomar response to Plaintiff's request for Proctor and

Gamble records. However, the SEC now contends that it has no records that pertain to such request. The SEC has the burden to demonstrate that it conducted an adequate search for responsive documents. See Miller, 779 F.2d at 1384-85. The adequacy of the search is judged by the reasonableness standard and depends on the facts of each case. See id. "[T]he standard of reasonableness [applied] to agency search procedures does not require absolute exhaustion of the files; instead it requires a search reasonably calculated to uncover the sought materials." Id. If the requester can show "circumstances indicating that further search procedures were available without the [agency] having to expend more than reasonable effort, then summary judgment [in favor of the agencyr] would be improper." Id. at 1385.

The SEC relies on the declaration of Celia Jacoby, who attests that the SEC possessed no relevant documents. She asserts that a paralegal searched the database concerning investigations or inquiries and found one Proctor and Gamble reference. Jacoby contacted the attorney working on that matter and the attorney assured her that Proctor and Gamble was not the subject of the inquiry, but rather was contacted during the inquiry of another entity. (See Jacoby Decl. ¶¶1-4.) Thus, the SEC asserts that it conducted an adequate search in good faith and that it has no responsive documents.

Plaintiff does not object to the adequacy of this declaration, but rather contends that the SEC has failed to adequately explain and disclose its search procedures, and therefore the SEC has not demonstrated that it search was "reasonably calculated to uncover all relevant documents." However, Plaintiff offers no evidence to indicate that the SEC's search was inadequate, and indeed, the search of the SEC database that contains information about "all

14

Commission investigations or inquiries" is clearly adequate in light of the facts of this case. Thus, the SEC's Motion on this point is granted and Plaintiff's Motion is denied.

**CONCLUSION**

Because the SEC fails to submit sufficiently detailed affidavits regarding the propriety of FOIA Exemption 7(A), the Court cannot evaluate whether the SEC complied with its duties to conduct a document-by-document review or disclose reasonably segregable material. Accordingly, the Court orders the SEC to provide additional and more detailed affidavits that specifically address the deficiencies in the record. This evidence must be submitted by January 1, 2006. When this evidence is presented to the Court, the parties may renew their motions for summary judgment on these claims. Thus, the SEC's Motion for Summary Judgment is denied on these claims.

Moreover, although the SEC claims that investigations are no longer pending on ten of Plaintiff's FOIA requests, the Court finds that remand, rather than dismissal, is appropriate. Thus, these counts are remanded to the SEC for reprocessing.

The Court finds that the SEC has properly invoked Exemptions 2, 5, and 7(C), as they pertain to the four pages of internal reports regarding the SEC's investigation of Dynacq. The Court further finds that the SEC has sustained its burden regarding the sufficiency of its search for Proctor and Gamble records. Accordingly, the SEC's Motion for Summary Judgment is granted on these claims.

However, based on the record, the Court cannot conclude that the SEC improperly withheld documents. Moreover, the Court finds that Plaintiff's request for injunctive relief

as it pertains to the SEC's prospective use of the Glomar response is inappropriate. Therefore, Plaintiff's Motion for Summary Judgment is denied.

Accordingly, based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment (Clerk Doc. No. 15) is

    **GRANTED in part** and **DENIED in part**;

    A. Count 4 of the Complaint is **DISMISSED** and Count 6 is **DISMISSED** in part;

    B. Counts 2, 3, 5, 6 (the 7(A) portion), 8, 9, 10, 17, 19, and 20 are **REMANDED** to the SEC for reprocessing;

    C. The SEC must submit detailed affidavits addressing the deficiencies identified by the Court by January 1, 2006;

        i. If appropriate, the parties may renew their motions for summary judgment and file briefs in support by February 1, 2006;

        ii. Opposition papers are due February 20, 2006; and

        iii. Replies are due March 1, 2006. These renewed motions will be decided without oral argument; and

2. Plaintiff's Motions for Summary Judgment (Clerk Doc. No. 37, 41) are **DENIED.**

Dated: October 22, 2005                               s/ Paul A. Magnuson
                                                      Paul A. Magnuson
                                                      United States District Court Judge