UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J. Patrick Gavin, a/k/a John P. Gavin,
also doing business as SEC Insight, Inc.,  Civil No. 04-4522 (PAM/JSM)

   Plaintiff,
v.  **MEMORANDUM AND ORDER**

United States Securities and Exchange
Commission,

   Defendant.

---

This matter is before the Court on Defendant's Motion for Partial Reconsideration of the Memorandum and Order issued by the Court on October 24, 2005. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

This case arises from allegations that Defendant United States Securities and Exchange Commission ("SEC") improperly withheld agency records. Plaintiff J. Patrick Gavin claims that the SEC improperly denied twenty-six requests he made under the Freedom of Information Act ("FOIA").

On October 24, 2005, the Court ruled on the parties' cross-Motions for Summary Judgment. The Court denied Gavin's Motion and partially granted the SEC's Motion. Specifically, the Court held that the SEC need not complete a Vaughn index, but instead may use a categorical approach to withhold documents under Exemption 7(A) of FOIA, 5 U.S.C. § 552(b)(7)(A). However, the Court further held that the SEC must review each document for categorization purposes. The Court therefore ordered the SEC to submit affidavits relating to

sixteen SEC investigations, attesting that the SEC had conducted a document-by-document review and addressing whether the withheld documents contained reasonably segregable, non-exempt information.

The SEC now asks the Court to reconsider part of the October 24, 2005, Order. The SEC maintains that it has complied with the Order as it relates to six of the investigations, but that a document-by-document review and segregability analysis relating to six other investigations is infeasible.[1]  Due to the volume of the documents involved in the investigations, the SEC contends that complying with the October 24, 2005, Order would monopolize SEC personnel and resources thereby significantly impeding ongoing enforcement proceedings. It maintains that each investigatory file contains between hundreds of thousands to tens of millions of documents and that a document-by-document review would take years to complete.

**DISCUSSION**

To show that documents were properly withheld under Exemption 7(A), the SEC must establish that the documents were investigatory records compiled for law enforcement purposes and that production of such records could reasonably be expected to thwart enforcement proceedings. 5 U.S.C. § 52(b)(7)(A); In re Dep't of Justice, 999 F.2d 1302, 1307 (8th Cir. 1993). Clearly, the SEC need not make an individualized showing that each withheld document fits within the limits of Exemption 7(A). Instead, the SEC may identify categories

---

[1] According to the SEC, four of the investigations under the purview of the October 24, 2005, Order are now closed. Thus, the SEC is remanding the four requests to the FOIA Office for processing.

of documents to justify nondisclosure of documents.   In re Dep't of Justice, 999 F.2d at 1305-09.

The SEC maintains that court precedent does not require a document-by-document review to justify the use of Exemption 7(A).  To the contrary, case law clearly mandates a document-by-document review:

> To satisfy its burden with regard to Exemption 7(A), the government must define functional categories of documents; it must conduct a document-by-document review to assign documents to proper categories; and it must explain to the court how the release of each category would interfere with enforcement proceedings.

Id. at 1309-10 (emphasis added); see also Bevis v. Dep't of State, 801 F.2d 1386, 1389-90 (D.C. Cir. 1986) (agency must conduct a document-by-document review of all responsive documents to assign the documents to the proper category).  Indeed, the case law on which the SEC relies affirms the requirement of a document-by-document review.  See, e.g., Curran v. Dep't of Justice, 813 F.2d 473, 476 (1st Cir. 1987) (finding that the disclosures provided by the Federal Bureau of Investigation met the tripartite standard enunciated in Bevis and noting that the Bureau made an individualized, document-by-document search).

The SEC contends that a document-by-document review will impede law enforcement investigations by consuming significant time that could otherwise be used to pursue the investigations.  The Court does not question that review of the documents will require significant resources.  Nevertheless, the Court questions how the SEC is able to assign the documents in proper categories without reviewing the documents.  Moreover, Exemption 7(A)

applies when <u>disclosure</u> of the documents could jeopardize enforcement proceedings.  5 U.S.C. § 552(b)(7)(A); <u>John Doe Agency v. John Doe Corp.</u>, 493 U.S. 146, 157 (1989) ("In applying Exemption 7, the Court carefully has examined the effect that <u>disclosure</u> would have on the interest the exemption seeks to protect.") (emphasis added).  It does not obviate the requirement that an agency conduct a document-by-document review — even if that review may require arduous efforts by the agency.  The SEC must conduct a document-by-document review to discern whether documents or portions of the documents fall outside the functional categories.

The SEC has provided affidavits in which SEC officials opine that "there is no information that is reasonably segregable and that could be released without the reasonable probability of interfering with enforcement proceedings."  (Paul Aff. ¶ 3, Dec. 29, 2005.)  Notably, however, these opinions are merely based on the affiants' general knowledge of the investigatory documents.  (<u>Id.</u>)  The affidavits do not provide the Court sufficient information to determine whether the non-exempt portions of the documents are inextricably intertwined with the exempt portions.  The Court is cognizant that it "should not order segregation when such a process would be significantly unwieldy."  <u>Solar Sources, Inc. v. United States</u>, 142 F.3d 1033, 1039 (7th Cir. 1998) (citing <u>Lead Indus. Ass'n v. OSHA</u>, 610 F.2d 70, 86 (2d Cir. 1979)).  However, because the SEC has not reviewed the documents at issue, the Court is unable to determine what proportion of the information is exempt or nonexempt.  Thus, the Court finds these affidavits insufficient to satisfy the SEC's burden of showing that any portion of the records are reasonably segregable.  <u>See</u> 5 U.S.C. § 552(b).

The Court has merely required the SEC to show that release of categories of records Gavin seeks would interfere with its enforcement actions. Without requiring a review of each document, the Court would essentially provide the SEC with a blanket exemption for the records simply because they were compiled for law enforcement purposes. This contravenes clear congressional intent.

**CONCLUSION**

The SEC has not established the "compelling circumstances" necessary for a motion to reconsider under Local Rule 7.1(g). Accordingly, **IT IS HEREBY ORDERED** that the SEC's Motion for Partial Reconsideration (Clerk Doc. No. 55) is **DENIED**.

Date: January 25, 2006

s/ Paul A. Magnuson<br>
Paul A. Magnuson<br>
United States District Court Judge