UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J. Patrick Gavin, a/k/a John P. Gavin,
also doing business as SEC Insight, Inc.,                        Civil No. 04-4522 (PAM/JSM)

Plaintiff,

v.                                                              **MEMORANDUM AND ORDER**

United States Securities and Exchange
Commission,

Defendant.

_____

This matter is before the Court on Defendant's Application for Order Certifying Issue of Appeal and for a Stay Pending Appeal. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

This case arises from allegations that Defendant United States Securities and Exchange Commission ("SEC") improperly withheld agency records that Plaintiff J. Patrick Gavin requested under the Freedom of Information Act ("FOIA").

On October 24, 2005, the Court ruled on the parties' cross-Motions for Summary Judgment. The Court denied Gavin's Motion and partially granted the SEC's Motion. Specifically, the Court held that the SEC need not complete a Vaughn index, but instead may use a categorical approach to withhold documents under Exemption 7(A) of FOIA, 5 U.S.C. § 552(b)(7)(A). However, the Court further held that the SEC must review each document for categorization purposes. The Court therefore ordered the SEC to submit affidavits relating to sixteen SEC investigations, attesting that the SEC had conducted a document-by-document

review and addressing whether the withheld documents contained reasonably segregable, non-exempt information.

The SEC then filed a Motion for Partial Reconsideration.  It maintained that a document-by-document review and segregability analysis relating to six investigations were infeasible due to the volume of documents involved in the investigations.  Relying on Eighth Circuit precedent, the Court denied the Motion and held that the SEC must conduct a document-by-document review to duly categorize documents:

> To satisfy its burden with regard to Exemption 7(A), the government must define functional categories of documents; <u>it must conduct a document-by-document review to assign documents to proper categories</u>; and it must explain to the court how the release of each category would interfere with enforcement proceedings.

(Order at 3, Jan. 25, 2006 (quoting <u>In re Dep't of Justice</u>, 999 F.2d 1302, 1309-10 (8th Cir. 1993) (emphasis added).)  The Court further held that affidavits submitted by SEC officials did not provide the Court with sufficient information to determine whether the non-exempt portions of the documents were inextricably intertwined with the exempt portions.  (<u>Id.</u> at 4.) Thereafter, the Court extended the deadlines to submit curative affidavits and summary judgment motions on the remaining issues.  (Order at 3, Jan. 31, 2006.)

The SEC now asks the Court to certify for interlocutory appeal its January 25, 2006, Order denying the Motion for Partial Reconsideration, so that the SEC will not be forced to devote "untold hours of valuable staff time to conduct a review that it has substantial reason to believe will provide no new information."  It also seeks a stay of all proceedings pending its appeal to the Eighth Circuit.

**DISCUSSION**

A district court may certify an interlocutory order for immediate appeal whenever the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Judicial policy discourages interlocutory appeals "because most often such appeals result in additional burdens on both the court and the litigants." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). Consequently, courts sparingly grant motions for certification. Id. Accordingly, the SEC bears a "heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. This requires a showing that the January 25, 2006, Order involves a controlling question of law, that there is a substantial ground for difference of opinion, and that certification will materially advance the ultimate termination of the litigation. Id. at 377 (citation omitted).

The SEC argues that substantial grounds for differing opinions exist on the controlling issue of whether a document-by-document review is absolutely required to categorize documents under Exemption 7(A). It suggests that an exception may exist for cases involving significant volumes of documentation. In addition, the SEC attempts to distinguish In re Department of Justice, arguing that the language on which this Court relied is dicta and that the case did not involve millions of documents. It further contends that this Court's decision was exceptional; it is unaware of any other decision requiring an agency to perform a document-by-document review where the records were extremely voluminous and the agency averred that the review would significantly interfere with law enforcement proceedings.

These arguments do not establish that substantial grounds for differing opinions exist on this issue. In addition to In re Department of Justice, the Court relied on several cases to

hold that a case-by-case review was required.  (Order at 3, Jan. 25, 2006 (citing Bevis v. Dep't of State, 801 F.2d 1386, 1389-90 (D.C. Cir. 1986).)  Although identification of "a sufficient number of conflicting and contradictory opinions" would provide a substantial ground for disagreement, the SEC has cited no law to the contrary.  White, 43 F.3d at 378.  Indeed, the case law on which the SEC relied affirmed the requirement of a document-by-document review.  See, e.g., Curran v. Dep't of Justice, 813 F.2d 473, 476 (1st Cir. 1987) (finding that the disclosures provided by the Federal Bureau of Investigation met the tripartite standard enunciated in Bevis and noting that the Bureau made an individualized, document-by-document search).  The SEC has failed to show that an interlocutory appeal is necessary on this issue.

The SEC also seeks certification on whether it must conduct a document-by-document review for segregability in an Exemption 7(A) case.  In doing so, the SEC seemingly misinterprets this Court's previous ruling.  Clearly, the SEC need not provide a particularized index of each document it withholds.  Rather, it may create functional categories and withhold documents that fall within those categories.  However, the SEC must conduct a document-by-document review to determine whether the documents contain reasonably segregable information that is non-exempt and therefore falls outside the functional categories.  The cases on which the SEC relies do not conflict with this rule of law.  See, e.g., Curran, 813 F.2d 473, 476 (noting that the Federal Bureau of Investigation official averred he conducted a document-by-document review and concluded that no reasonably segregable portion of any of the material withheld was suitable for release).  Consequently, the SEC fails

to show that this issue is a controlling question of law for which there is a substantial ground for difference of opinion.[1]

**CONCLUSION**

The SEC has failed to show that there are substantial grounds for a difference of opinion on the issues raised in its Motion.  Accordingly, **IT IS HEREBY ORDERED** that the SEC's Application for Order Certifying Issue for Appeal and for a Stay Pending Appeal (Docket No. 60) is **DENIED**.

Dated: March 15, 2006

<u>s/Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge

---

[1]     The SEC raises a third issue: who must bear the cost of the review.  However, the SEC did not raise this issue in its Motion for Reconsideration.  Because the issue is outside the scope of the January 25, 2006, Order, it is an inappropriate basis for an interlocutory appeal.