UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J. Patrick Gavin, a/k/a John P. Gavin,
also doing business as SEC Insight, Inc.,                        Civil No. 04-4522 (PAM/JSM)

Plaintiff,

v.                                                                **MEMORANDUM AND ORDER**

United States Securities and Exchange
Commission,

Defendant.

_____

This matter is before the Court on Defendant's Motion for Clarification, Motion to

Stay, and Motion to Extend Time to Renew its Motion for Summary Judgment.

**BACKGROUND**

This case arises from allegations that Defendant United States Securities and Exchange

Commission ("SEC") improperly withheld agency records that Plaintiff J. Patrick Gavin

requested under the Freedom of Information Act ("FOIA").

In ruling on previously filed cross-Motions for Summary Judgment, the Court held that

the SEC could use a categorical approach to withhold documents under Exemption 7(A) of

FOIA, 5 U.S.C. § 552(b)(7)(A), but had to review each document for categorization purposes.

The Court therefore ordered the SEC to submit affidavits relating to sixteen SEC

investigations, attesting that the SEC had conducted a document-by-document review and

addressing whether the withheld documents contained reasonably segregable, non-exempt

information.

The SEC then filed a Motion for Partial Reconsideration.  It maintained that a

document-by-document review and segregability analysis relating to six investigations were

infeasible due to the volume of documents involved in the investigations.   Relying on Eighth

Circuit precedent, the Court denied the Motion and held that the SEC must conduct a

document-by-document review to duly categorize documents:

> To satisfy its burden with regard to Exemption 7(A), the government must define
> functional categories of documents; it must conduct a document-by-document
> review to assign documents to proper categories; and it must explain to the court
> how the release of each category would interfere with enforcement proceedings.

(Order at 3, Jan. 25, 2006 (quoting In re Dep't of Justice, 999 F.2d 1302, 1309-10 (8th Cir.

1993)).   The Court further held that affidavits submitted by SEC officials did not provide the

Court with sufficient information to determine whether the non-exempt portions of the

documents were inextricably intertwined with the exempt portions.   (Id. at 4.)   Thereafter, the

Court extended the deadlines to submit curative affidavits and summary judgment motions on

the remaining issues.  (Id. at 3.)

The SEC then filed an Application for Order Certifying an Issue of Appeal and for a Stay

Pending Appeal.   The SEC contended that the January 25, 2006 Order denying the Motion for

Partial Reconsideration raised a novel issue that the Eighth Circuit should address before the

SEC devoted "untold hours of valuable staff time to conduct a review that it has substantial

reason to believe will provide no new information."   Specifically, the SEC maintained that the

issue of whether a document-by-document review is required to categorize documents under

Exemption 7(a) warranted an interlocutory appeal.   In addition, the SEC raised for the first time

an additional issue that was "lurking behind" the issues previously raised in the summary

judgment motions: who must bear the cost of the document-by-document review.   Finding no

controlling question of law for which there was substantial ground for differing opinions, the

2

Court denied the Application. (Order, March 15, 2006.)

Two days later, the SEC filed a Motion for Clarification, submitting that the Court must address who should pay for the costs of the document-by-document review. In particular, the SEC asked the Court to order Gavin to pay approximately $2 million before the SEC conducted its review. A week later, the SEC filed an interlocutory appeal to the Eighth Circuit Court of Appeals. Thereafter, the SEC filed a Motion to Stay this action pending the resolution of the appeal, as well as a Motion to Extend Time to Renew its Motion for Summary Judgment.

**DISCUSSION**

**A.      Motion for Clarification**

The Court will not entertain the Motion for Clarification because it is procedurally defective. Neither party raised the cost issue in either the cross-Motions for Summary Judgment or the Motion for Partial Reconsideration. The Court therefore construes the Motion as a request not merely to clarify the previously entered Orders, but to modify them.

However, the SEC did not comport with the Local Rules of the District of Minneasota. Before filing a motion for modification, a party must obtain prior court approval and must present compelling reasons to allow the motion. See D. Minn. LR 7.1(g). The SEC did not obtain prior approval before filing the Motion for Clarification. Moreover, the SEC failed to notice the Motion and instead merely filed a memorandum. See D. Minn. LR 7.1(a). Thus, the Court denies the Motion for Clarification. However, the SEC may raise the cost issue in its renewed Motion for Summary Judgment.

**B.      Motion to Stay**

The Motion to Stay is also procedurally defective, as the SEC once again merely filed a memorandum in support of its motion. Moreover, the SEC has failed to show that a stay is appropriate. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Specifically, given clear Eighth Circuit precedent, the Court finds it unlikely that the SEC will succeed on its appeal. S&M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992) (likelihood of success on the merits generally is the most significant factor in determining whether a stay is appropriate). Its eleventh-hour attempt to raise an issue not previously addressed to the Court does not change the Court's determination that the SEC must conduct a document-by-document review.

Moreover, the Court is not convinced that the SEC will be irreparably harmed absent a stay. The SEC contends that it will be required to invest significant time, costs, and resources in conducting the document-by-document review. This is a regurgitation of previous arguments unsuccessfully advanced by the SEC. If the Court ultimately determines that Gavin must pay for the document-by-document review, it will order Gavin to do so. Finally, the Court finds that granting a stay would allow the SEC to evade FOIA requirements. Thus, denying the stay will serve the public interest in requiring agencies to make certain information available to the public and to establish an enforceable right of access to that information. The Court therefore denies the Motion to Stay.

**C.    Motion for Extension**

The Court previously imposed a deadline of July 1, 2006, for the parties to renew their summary judgment motions. The SEC has requested additional time to file its motion. The Court finds this request reasonable and therefore will grant the Motion for Extension.

4

**CONCLUSION**

The SEC has continually and deliberately stalled in fulfilling its obligations to conduct a document-by-document review of material it seeks to withhold pursuant to Exemption 7(A). In doing so, the SEC has attempted to play by its own rules and disregard the law.  The Court refuses to allow such maneuvering.  Accordingly, **IT IS HEREBY ORDERED that**:

1.     Defendant's Motion for Clarification (Docket No. 62) is **DENIED**;

2.     Defendant's Motion to Stay (Docket No. 74) is **DENIED**;

3.     Defendant's Motion to Extend Time to Renew Motion for Summary Judgment (Docket No. 78) is **GRANTED**; and

4.     The parties shall file their renewed summary judgment motions in compliance with Local Rule 7.1by July 7, 2006.

Dated: June 20, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge