UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

J. Patrick Gavin, a/k/a John P. Gavin,
also doing business as SEC Insight, Inc.,

Civil No. 04-4522 (PAM/JSM)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

United States Securities and Exchange
Commission,

Defendant.

This matter is before the Court on the following Motions: a renewed Motion for Summary Judgment filed by Defendant United States Securities and Exchange Commission (SEC); a renewed Motion for Summary Judgment, In Camera Review, and Appointment of a Special Master filed by Plaintiff J. Patrick Gavin; a Motion to Deny Request for Review of Costs filed by Gavin; and a Motion for Sanctions and Attorneys' Fees filed by Gavin. For the reasons that follow, the Court grants in part and denies in part the SEC's renewed Motion for Summary Judgment. The Court denies Gavin's renewed Motion for Summary Judgment, In Camera Review, and Appointment of a Special Master, as well as his Motion to Deny Request for Review of Costs. The Court defers ruling on the Motion for Sanctions and Attorneys' Fees.

**BACKGROUND**

This case arises from allegations that the SEC improperly withheld agency records. In particular, Gavin claims that the SEC wrongly denied twenty-six requests he made under

the Freedom of Information Act (FOIA).

Both parties previously moved for summary judgment. On October 24, 2005, the Court denied Gavin's motion and partially granted the SEC's motion. Specifically, the Court held that the SEC need not complete a Vaughn index, but instead could use a categorical approach to withhold documents under Exemption 7(A) of FOIA, 5 U.S.C. § 552(b)(7)(A). However, the Court required the SEC to review each document for categorization purposes. The Court therefore ordered the SEC to submit affidavits relating to its ongoing investigations, attesting that it had conducted a document-by-document review and addressing whether the withheld documents contained reasonably segregable, non-exempt information. The Court also remanded ten requests, which related to investigations that had closed, for reprocessing.[1]

The requests now at issue can be grouped into three categories: (1) requests for which the SEC continues to rely on Exemption 7(A) and has conducted a document-by-document review of responsive documents, (2) requests for which the SEC continues to rely on Exemption 7(A) but has not conducted a document-by-document review, and (3) requests for which the SEC no longer relies on Exemption 7(A) because the investigations relating to those requests have now closed and have been remanded for reprocessing.

---

[1] The Court also dismissed one count because the SEC established that it had no records responsive to Gavin's request for information.

## DISCUSSION

**A.     Summary Judgment Standard of Review**

In a FOIA case, the standards articulated in Federal Rule of Civil Procedure 56 still apply. See Miller v. U.S. Dep't of Agric., 13 F.3d 260, 262 (8th Cir. 1993). Thus, summary judgment is proper if, viewing the record in the light most favorable to the non-moving party, there are no genuine issues of material fact. See id.; see also Fed. R. Civ. P. 56.

The Court reviews an agency denial of a FOIA request de novo. 5 U.S.C. § 552(a)(4)(B). "Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Miller, 13 F.3d at 262 (quoting Miller v. U.S. Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985)).

Exemptions to FOIA should be construed narrowly. See id. When an agency denies a FOIA request, "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). An agency may meet its burden by "submitting affidavits and other evidence to the court to show that the documents are properly classified and thus clearly exempt from disclosure." Hayden v. Nat'l Sec. Agency, 608 F.2d 1381, 1386 (D.C. Cir. 1979); see also Barney v. Internal Revenue Serv., 618 F.2d 1268, 1272 (8th Cir. 1980).

> A court's primary role . . . is to review the adequacy of the affidavits and other evidence presented by the Government in support of its position . . . If the Government fairly describes the content of the material withheld and adequately states its ground for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should

> uphold the Government's position. The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

Barney, 618 F.2d at 1272 (quoting Cox v. U.S. Dep't of Justice, 576 F.2d 1302, 1312 (8th Cir. 1978)); see also Meeropol v. Meese, 790 F.2d 942, 952 (D.C. Cir. 1986) (quoting Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982) ("in the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA.")).

If the Court cannot evaluate the propriety of the claimed exemptions on the record before it, it may order the agency to submit more detailed affidavits or a Vaughn index, or even review documents in camera. See Barney, 618 F.2d at 1272; Maricopa Audubon Soc. v. U.S. Forest Serv., 108 F.3d 1089, 1093 n.2 (9th Cir. 1997); see also NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 224 (1978) ("in camera review . . . is designed to be invoked when the issue before the District Court could not be otherwise resolved"). Ultimately, if the agency does not adequately support its decision to withhold the information, the Court must release the records. Cox, 576 F.2d at 1312.

**B.      Exemption 7(A)**

The SEC continues to relies on Exemption 7(A) to withhold records associated with nine counts of the Complaint. Exemption 7(A) allows an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information [] could reasonably be expected

to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); see also In re Dep't of Justice, 999 F.3d 1302, 1307 (8th Cir. 1993); Barney, 618 F.2d at 1272-73. The agency "is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding." Barney, 618 F.2d at 1273. Rather, the Court focuses on "the particular categories of documents, and the likelihood that the release of documents within those categories could reasonably be expected to threaten enforcement proceedings." In re Dep't of Justice, 999 F.2d at 1309. Proper utilization of the categorical approach requires the SEC to: (1) define functional categories of documents; (2) conduct a document-by-document review to assign documents to proper categories; and (3) explain to the Court how the release of each category would interfere with enforcement proceedings. See id.

The SEC claims that the withheld records were compiled to investigate possible federal securities law violations, and that disclosure of such documents would impede enforcement proceedings. It has divided the requested documents into five functional categories: (1) documents produced by third parties; (2) SEC correspondence with potential witnesses; (3) testimony transcripts; (4) attorney notes and trial preparation materials; and (5) memoranda by SEC staff. The Court previously approved of the categorization used by the SEC, finding that the declarations submitted by SEC attorneys provided sufficient information to show a rational link between the functional categories of the documents involved and the alleged likely interference. (Oct. 22, 2005 Order at 7-8.) However, because the declarations did not attest that the SEC attorneys completed document-by-document

reviews when categorizing the documents, the Court denied summary judgment. (Id.)

> 1. Investigations for which the SEC has Conducted a Document-by-Document Review

On December 30, 2005, the SEC filed supplemental declarations relating to the investigations at issue in Counts 1, 7, 13, and 22.[2] In the supplemental declarations, the SEC attorneys aver that (1) they performed a document-by-document review of the withheld investigatory documents; (2) all the withheld investigatory documents fit into the categories identified in their prior declarations; and (3) the withheld documents contain no information that can be segregated and released without risking interference with ongoing enforcement proceedings. (See Kase Decl., Dec. 19, 2005; Smith Decl., Dec. 16, 2005; Baughman Decl., Dec. 20, 2005; Mashburn Decl., Nov. 14, 2005.)

Gavin argues that the declarations are too conclusory and asks the Court to appoint a special master to review the documents and ensure that the documents fall within Exemption 7(A).[3] He relies on Detroit Free Press v. United States Department of Justice, 174 F. Supp. 2d 597 (E.D. Mich. 2001), which required an agency to produce a Vaughn index and documents for in camera review. However, that case is distinguishable on two

---

[2] Actually, the SEC provided supplemental affidavits for six investigations; however, two of the investigations (relating to Counts 18 and 25) are now closed so Exemption 7(A) no longer applies. The SEC remanded the requests relating to Counts 18 and 25 for reprocessing. The Court addresses the remanded requests in Part C of this Order.

[3] In particular, he seeks information on how many documents and pages were reviewed, how each document fits into a functional category, how each document could possibly interfere with the enforcement proceedings, and why information in the documents cannot be segregated.

key points. First, the Detroit Free Press court noted that an inordinate amount of time had elapsed in the investigation and therefore questioned how the information could interfere with enforcement proceedings. Id. at 600. Second, the court questioned the veracity of the agency based on inconsistencies between the declarations and subsequent disclosures. Id. at 600-01. The court therefore suspected bad faith on the part of the agency. Id. at 601.

Neither of those factors, nor any other indicia of bad faith, are at issue relating to Counts 1, 7, 13, and 22. To the contrary, the SEC complied with the Court's directive to conduct a document-by-document review. In addition, the SEC attorneys specifically explained how the release of the documents in each functional category will interfere with pending civil or criminal enforcement proceedings, that their document-by-document review revealed that each document fell within one of the five functional categories, and that no document contained information that could be segregated and released without risking interference with ongoing enforcement proceedings. That the SEC provided generic reasons for withholding the documents does not undermine the sufficient of its response. Maydak v. U.S. Dep't of Justice, 218 F.3d 760, 763 (D.C. Cir. 2000). Based on the initial and supplemental declarations, the Court finds that the SEC has satisfied all requirements for withholding the documents under Exemption 7(A). The Court therefore grants the SEC summary judgment on Counts 1, 7, 13, and 22.

    2.    Ongoing, Voluminous Investigations

Counts 11, 14, 15, 23, and 26 relate to FOIA requests made in ongoing investigations that, according to the SEC, have generated vast amounts of documents.

      a.      Document-by-Document Review

The SEC has failed to conduct a document-by-document review in these investigations, arguing that such a review would interfere with enforcement proceedings by requiring significant resources. The Court previously rejected this argument and need only add that SEC regulations do not contemplate an outright refusal to review and release records because of the voluminous nature of the records. Instead, the regulations merely provide the SEC with an extension to fulfill its statutory duties. See 17 C.F.R. § 200.80(d)(7). The Court denies the SEC's argument on this point.

The SEC also argues that it need not conduct a further segregation analysis because it has already categorized the documents. It again relies on Parker/Hunter, Inc. v. SEC, No. 80-3034, 1981 WL 1675, at *4 (D. D.C. Apr. 29, 1981), to argue that its categorization of responsive documents eliminated its duty to segregate the record. The Court, citing Cangzhou Laosan Group v. U.S. Customs & Border Protection Bureau, No. 04-1919, 2005 WL 913268, at *7-8 (D. D.C. Apr. 20, 2005), previously rejected that argument and held that the utilization of the categorical approach does not eliminate the agency's duty to determine segregability. (See Oct. 22, 2005 Order at 10 n.4.)

The SEC also relies on Judicial Watch, Inc. v. Department of Justice, 432 F.3d 366 (D.C. Cir. 2005), which held that the entire contents of documents that were prepared in anticipation of litigation were protected by the attorney work-product doctrine and therefore exempt under Exemption 5. The Judicial Watch court stressed that the work-product doctrine is broadly construed and applies to facts, law, opinions, and analysis. Thus, where

a document is withheld pursuant to the work-product doctrine, there is no reasonably segregable portion to release. Id. at 369-72.

The SEC attempts to take the reasoning of Judicial Watch one step further, arguing that once an investigatory document falls within a functional category, it is wholly exempt and no segregability review is necessary. The Court declines to leap that far. While the work-product doctrine may to apply to the functional category of attorney notes and trial preparation materials, it does not necessarily apply to other functional categories, such as documents produced by third parties, SEC correspondence, testimony transcripts, and SEC memoranda. Such a broad application of Judicial Watch in this case would eviscerate the segregation requirement under Exemption 7(A).

Based on prior holdings, the Court finds that the SEC has failed to meet its burden of conducting a document-by-document review of responsive documents for categorization and segregation purposes. See In re Dep't of Justice, 999 F.2d at 1309-10. Because the broad, sweeping claims of privilege fail to establish the SEC's right to withhold records, the Court denies the SEC's Motion on this point.

b. Review Costs

The SEC also argues that the Court should dismiss Counts 11, 14, 15, 23, and 26 because Gavin has refused to pay the costs associated with reviewing the records. The SEC estimates that the costs of reviewing the documents in the ongoing investigations will likely exceed $2 million. (Henderson Decl. ¶ 8, Mar. 14, 2006.) Notably, the SEC did not request fees immediately upon receipt of the requests at issue. Rather, it raised this argument for the first time in its March 14, 2006 Motion for Leave to Appeal and for Stay.

As a commercial requester, Gavin must pay for search, duplication, and review costs.[4] 5 U.S.C. § 552(a)(4)(A)(ii); see also OSHA Data/CIH, Inc. v. United States Dep't of Labor, 220 F.3d 153, 160-61 (3d Cir. 2000) (FOIA requires commercial users to "shoulder more of the costs of FOIA requests, rather than having taxpayers bear costs incurred in processing these commercial requests."). Review costs are "the direct costs incurred during the initial examination of a document for the purposes of determining whether the documents must be disclosed . . . and for the purposes of withholding any portions exempt from disclosure." 5 U.S.C. § 552(a)(4)(A)(iv); see also 17 C.F.R. § 200.80(e)(9)(ii) (defining "review" as "the process of examining documents located in response to a request to determine whether any portion of any document is permitted to be withheld" under FOIA exemptions); Uniform Freedom of Information Act Fee Schedule & Guidelines, 52 Fed. Reg. 10012, 10017 (Mar.

---

[4] The SEC already charged Gavin search fees to determine whether the SEC had any records responsive to the requests and the status of these investigations. (Henderson Decl. ¶ 3, Aug. 7, 2005.)

27, 1987) (defining "review" as "the process of examining documents located in response to a request that is for a commercial use . . . to determine whether any portion of any document located is permitted to be withheld"). "It should be noted that charges may be assessed only for the initial review; i.e., the review undertaken the first time an agency analyzes the applicability of a specific exemption to a particular record or portion of a record." Uniform Freedom of Information Act Fee Schedule & Guidelines, 52 Fed. Reg. at 10018 (emphasis added).[5] Courts have allowed agencies to assess review costs even after litigation has ensued. See OSHA Data/CIH, Inc., 220 F.3d at 160-62, 164-65; Pollack v. Dep't of Justice, 49 F.3d 115, 119-20 (4th Cir. 1995).

The Court adamantly disapproves of the manner in which the SEC has conducted itself as it relates to Gavin's requests. The SEC has shirked its responsibility by brazenly refusing to conduct a document-by-document review — despite a direct order from the Court. Moreover, it raises the cost issue as an after-the-fact argument to circumvent the requirements of FOIA. The SEC should have completed the document-by-document reviews from the outset before ever relying on Exemption 7(A). Instead, it arbitrarily relied on the Exemption without first determining whether the Exemption truly applies.

Nonetheless, the record shows that the SEC has not examined any particular document

---

[5] Moreover, review costs "may not include any costs incurred in resolving issues of law or policy that may be raised in the course of processing a request." 5 U.S.C. § 552(a)(4)(A)(iv). The reviews at issue require a factual determination of whether Exemption 7(A) applies to each particular record. Thus, the reviews raise no legal or policy issues.

in the ongoing investigations to determine the applicability of Exemption 7(A). Thus, the Court-ordered review will be the initial examination to determine whether the documents must be disclosed or withheld. As such, the examination falls within the definition of "review" as defined by FOIA and SEC regulations. As a commercial requester, Gavin must pay for these review costs.

Nevertheless, this finding does not warrant dismissal of Counts 11, 14, 15, 23, or 26. There is no evidence that Gavin has refused to pay for the review costs. The SEC raised this issue for the first time during this litigation and has not afforded Gavin the opportunity to decide whether he is willing and able to pay. Indeed, Gavin previously authorized search and review fees of up to $1,000 for each request. Thus, summary judgment is inappropriate on this point.

Instead, the Court orders the parties to confer within thirty days of this Order to determine whether Gavin is willing and able to pay for the review costs associated with his requests. The Court strongly urges the parties to pinpoint the scope of Gavin's requests to clarify the records he seeks.[6] If Gavin agrees to pay the review costs associated with the defined requests, the SEC shall conduct the document-by-document reviews within sixty days of receipt of his payment.[7]

---

[6] The parties dispute the magnitude of records that are responsive to Gavin's requests. For example, the parties disagree whether records relating to an investigation of Enron Corporation fall within the scope of Gavin's requests.

[7] Because the parties must first confer about these issues, Gavin's requests for appointment of a special master to review the documents and for an in camera review are

**C.     Remanded Requests**

In its October 24, 2005 Order, the Court remanded for reprocessing ten requests that were related to closed investigations.[8] On December 30, 2005, the SEC informed the Court that four additional investigations had concluded, so the SEC remanded those requests for reprocessing.[9] The SEC now informs the Court that two additional investigations have subsequently closed, so the SEC is remanding those requests as well.[10] Gavin challenges the sufficiency of the responses relating to the remanded requests. The SEC argues that the Court has no jurisdiction over the remanded requests because Gavin has not exhausted his administrative remedies based on those exemptions.

Gavin advances several arguments in response. First, he argues that the SEC may not rely on other exemptions to justify non-disclosure. In particular, he relies on cases such as Maydak, 218 F.3d 760, which require a federal agency to assert all exemptions at once. The rule enunciated in Maydak recognizes that "the delay caused by permitting the government

---

premature. The Court therefore denies his Motion on these points, but will allow Gavin to renew that portion of his Motion if necessary. Moreover, because his Motion for Sanctions and Attorneys' Fees is based on the SEC's conduct as it relates to the ongoing investigations, the Court will defer ruling on that Motion until the parties have conferred and the period to complete the document-by-document review has expired.

[8] These requests pertain to Counts 2, 3, 5, 6 (the Exemption 7(A) portion), 8, 9, 10, 17, 19, and 20 of the Complaint. These requests consist of seven requests for which the SEC no longer claims an Exemption 7(A) and three requests for which the SEC no longer claims a Glomar response because the investigations are closed.

[9] These investigations relate to Counts 12, 16, 21, and 24.

[10] These investigations relate to Counts 18 and 25.

to raise its FOIA exemption claims one at a time interferes both with the statutory goals of 'efficient, prompt, and full disclosure of information,' and with 'interests of judicial finality and economy.'" Id. at 764 (internal citations omitted); see also Ryan v. Dep't of Justice, 617 F.2d 781, 792 (D.C. Cir. 1980) (warning of the "danger of permitting the Government to raise its FOIA exemption claims one at a time, at different stages of a district court proceeding."). Other decisions have also emphasized that "fairness to parties seeking disclosure ordinarily requires that they be accorded a full and concentrated opportunity to challenge and test comprehensively the agency's evidence regarding all claimed exemptions." Sen. of P.R. v. U.S. Dep't of Justice, 823 F.2d 574 (D.C. Cir. 1987) (citation omitted).

The Court agrees with these principles. However, in each of those cases, the agency did not raise the exemption before the district court. See Maydak, 218 F.3d at 764, 767 (noting that "appellate courts do not normally consider issues that were neither raised nor decided below" and approving the district court's approach of allowing the agency to present evidence to demonstrate that the requested documents were properly withheld under other exemptions once Exemption 7(A) no longer applied); Ryan, 617 F.2d at 792. Those decisions hold that an agency cannot rely on an exemption that was not raised before the district court. In this case, the Court expressly found that the appropriate remedy was to remand the requests for reprocessing. (Oct. 22, 2005 Order at 5.) Thus, the Court rejects Gavin's argument on this point.

Second, Gavin argues that he need not exhaust his administrative remedies because

he commenced this action before the SEC asserted the additional exemptions. He relies on Pollack, 49 F.3d 115, and an informational guide promulgated by the Department of Justice. In Pollack, the Fourth Circuit Court of Appeals held that an agency's failure to respond timely to a FOIA request resulted in the constructive exhaustion of administrative remedies. Id. at 118-19 (relying on 5 U.S.C. § 552(a)(6)(C)(i) which provides that a person requesting records "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions."). Relying on Pollack, the informational guide states that a requester need not administratively appeal an adverse determination that occurred after the request filed suit. See Department of Justice Freedom of Information Act Guide (2004), at www.usdoj.gov/oip/litigation.htm#exhaustion.

The Court finds that Gavin constructively exhausted his administrative remedies relating to the remanded requests. Gavin commenced this litigation after exhausting his administrative remedies. The SEC conducted an administrative review of his requests. See 5 U.S.C. § 552 (a)(4); see also 17 C.F.R. § 200.80 (setting forth determination and review procedures for the SEC). If the Court required Gavin to exhaust his administrative remedies each time the SEC exerts a new exemption, two consequences would result. First, the SEC could evade the efficient, prompt, and full disclosure of information. Second, the SEC could indefinitely evade judicial review. The Court will not allow the SEC to circumvent its statutory obligations by ping-ponging from one exemption to another. Accordingly, the Court finds that Gavin constructively exhausted his administrative remedies as it relates to

all exemptions on which the SEC now relies.

In sum, although the SEC may now rely on exemptions other than Exemption 7(A), the Court has jurisdiction to review whether withholding documents based on those exemptions is proper. This leads to Gavin's final argument: that the SEC has failed to justify the withholding of documents based on the newly asserted exemptions. The SEC merely responds that Gavin must administratively exhaust his objections to those disclosures, and provides no evidence that the disclosures were complete or otherwise proper. As such the Court cannot evaluate whether the SEC properly invoked the exemptions. The Court therefore orders the SEC to file a detailed Vaughn index relating to the remanded requests within thirty days of this Order.[11] See Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir. 1973); see also Judicial Watch, Inc. v. Food & Drug Admin., 449 F.3d 141, 145-54 (D.C. Cir. 2006) (analyzing the adequacy of a Vaughn index and determining that some entries were too vague).

**CONCLUSION**

---

[11] On December 29, 2005, Gavin attempted to narrow his requests by asking specifically for the "main files, clearly marked, consisting of correspondence between the Commission and third parties, copies of Wells notices, and subpoenas served." ( Winter Decl. Ex. 47 at 3, July 27, 2006.) The parties dispute whether the narrowed requests include any formal orders of investigations. Gavin avers that he intended to include the formal orders, but has not received them. (Gavin Decl. at ¶¶ 11-15, Aug. 8, 2006.) Moreover, the SEC does not contend that it is withholding the formal orders based on any exemption. Rather, it merely interprets the narrowed request to exclude the formal orders. The Court finds that the narrowed request includes the formal orders. Accordingly, the SEC must either disclose the formal orders to Gavin within thirty days, or include its reasons for withholding the orders in the Vaughn index.

Summary judgment is appropriate on Counts 1, 7, 13, and 22 of the Complaint because the SEC has established that it properly withheld documents relating to those Counts pursuant to Exemption 7(A). However, the SEC must conduct a document-by-document review in the remaining, ongoing investigations if Gavin agrees to pay the review costs. Finally, the SEC must submit a detailed Vaughn index of the records withheld relating to the remanded requests. Accordingly, **IT IS HEREBY ORDERED** that:

1. Gavin's Motion to Deny Request for Review Costs (Docket No. 65) is **DENIED**;

2. Gavin's renewed Motion for Summary Judgment, In Camera Review, and Appointment of a Special Master (Docket No. 80) is **DENIED**;

3. The SEC's renewed Motion for Summary Judgment (Docket No. 94) is **GRANTED in part** and **DENIED in part**;

4. Counts 1, 7, 13, and 22 of the Complaint are **DISMISSED with prejudice**;

5. The parties shall confer within thirty days of this Order to determine whether Gavin is willing and able to pay for the review costs associated with his requests identified in Counts 11, 14, 15, 23, and 26. If Gavin agrees to pay the review costs associated with the defined requests, the SEC shall conduct the document-by-document reviews within ninety days of receipt of his payment; and

6. The SEC shall file a Vaughn index relating to the remanded requests (Counts

2, 3, 5, 6, 8, 9, 10, 12, 16, 17, 18, 19, 20, 21, 24, and 25) within thirty days of this Order.

Dated: October 13, 2006

                                            s/ Paul A. Magnuson
                                            Paul A. Magnuson
                                            United States District Court Judge